UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------X      : CV-13-377
HUMBERTO PORTUONDO,

                              Plaintiff,                              **ANSWER**

              -against-

MAJOR CHEVROLET, INC. and
TD AUTO FINANCE LLC,

                              Defendant.
----------------------------------------------------------X

          Defendant, MAJOR CHEVROLET, INC. (hereinafter"MAJOR", by its attorney,

MICHAEL J. DeZORETT, ESQ., as and for its answer to the Complaint herein, upon

information and belief, alleges as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1.

          2. Denies the allegations contained in paragraph 2.

          3. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 3.

          4. There is no paragraph "4" in the complaint.

          5. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 5.

          6. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "6" except admits Major has a place of business in the

State of New York, County of Queens.

          7. Denies having knowledge or information sufficient to form a belief as to the truth of

-1-

the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except admits plaintiff contacted Major to discuss trading-in the Armada.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18..Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 44.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. With respect to the allegations contained in paragraph 58, repeats and realleges each

and every admission and denial heretofore set forth with respect to the paragraphs realleged.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and respectfully refers all questions of law to the Court.

60. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69.

70. With respect to the allegations contained in paragraph 70, repeats and realleges each and every admission and denial heretofore set forth with respect to the paragraphs realleged.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies the allegations contained in paragraph 76.

77. With respect to the allegations contained in paragraph 77, repeats and realleges each and every admission and denial heretofore set forth with respect to the paragraphs realleged.

78. Denies the allegations contained in paragraph 78.

79.. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84.

85. Denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87.

88. Denies the allegations contained in paragraph 88.

89. Denies the allegations contained in paragraph 89.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. Plaintiff is guilty of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93. Plaintiff is estopped from asserting the claims in the Complaint by having accepted the benefits of the bargain and otherwise.

WHEREFORE, defendants MAJOR CHEVROLET, INC. respectfully requests judgment dismissing the complaint, together with the costs and disbursements of this action, plus reasonable attorneys' fees and disbursements.

MICHAEL J. DeZORETT, ESQ.
(MD-1685)
Attorney for Defendant
MAJOR CHEVROLET, INC.
75-24 Bell Boulevard
Bayside, NY 11364
718-217-3719

-8-

## CERTIFICATION

The undersigned hereby certifies that on March 7, 2013, he electronically filed the within

document with the Clerk of the Court using the CM/ECF system, to give notice to the following

attorneys:

Peter T. Lane, Esq.
Schlanger & Schlanger, LLP
Attorney for plaintiff
Humberto Portuondo
9 East 40th Street, Ste. 1300
New York, NY 10016
914-946-1981, ext. 109
peter.lane@schlangerlegal.com


Dated:          Bayside, NY
                March 7, 2013

                                        _____
                                        MICHAEL J. DeZORETT
                                        (MD-1685)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X          13-cv-377-MJB-RLM
HUMBERTO PORTUONDO,

                       Plaintiff,          **ANSWER**

        -against-

MAJOR CHEVROLET, INC. and
TD AUTO FINANCE LLC,

                 Defendant.
-------------------------------------------------------------X

      Defendant, MAJOR CHEVROLET, INC. (hereinafter"MAJOR", by its attorney,

MICHAEL J. DeZORETT, ESQ., as and for its answer to the Complaint herein, upon

information and belief, alleges as follows:

1. Denies having knowledge or information sufficient to form a belief as to the truth of the

allegations contained in paragraph 1.

      2. Denies the allegations contained in paragraph 2.

      3. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 3.

      4. There is no paragraph "4" in the complaint.

      5. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph 5.

      6. Denies having knowledge or information sufficient to form a belief as to the truth of

the allegations contained in paragraph "6" except admits Major has a place of business in the

State of New York, County of Queens.

      7. Denies having knowledge or information sufficient to form a belief as to the truth of

-1-

the allegations contained in paragraph 7.

8. Admits the allegations contained in paragraph 8.

9. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9.

10. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10.

11. Admits the allegations contained in paragraph 11.

12. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12.

13. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 13, except admits plaintiff contacted Major to discuss trading-in the Armada.

14. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14.

15. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 15.

16. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 16.

17. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 17.

18..Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 18.

-2-

19. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 19.

20. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 20.

21. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 21.

22. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 22.

23. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23.

24. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 24.

25. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 25.

26. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 26.

27. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 27.

28. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 28.

29. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 29.

-3-

30. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 30.

31. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 31.

32. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 32.

33. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 33.

34. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 34.

35. Denies the allegations contained in paragraph 35.

36. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 36.

37. Denies the allegations contained in paragraph 37.

38. Denies the allegations contained in paragraph 38.

39. Denies the allegations contained in paragraph 39.

40. Denies the allegations contained in paragraph 40.

41. Denies the allegations contained in paragraph 41.

42. Denies the allegations contained in paragraph 42.

43. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 43.

44. Denies having knowledge or information sufficient to form a belief as to the truth of

-4-

the allegations contained in paragraph 44.

45. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 45.

46. Denies the allegations contained in paragraph 46.

47. Denies the allegations contained in paragraph 47.

48. Denies the allegations contained in paragraph 48.

49. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 49.

50. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 50.

51. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 51.

52. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 52.

53. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 53.

54. Denies the allegations contained in paragraph 54.

55. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 55.

56. Denies the allegations contained in paragraph 56.

57. Denies the allegations contained in paragraph 57.

58. With respect to the allegations contained in paragraph 58, repeats and realleges each

and every admission and denial heretofore set forth with respect to the paragraphs realleged.

59. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 59, and respectfully refers all questions of law to the Court.

60. Denies having knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 60, and respectfully refers all questions of law to the Court.

61. Denies the allegations contained in paragraph 61.

62. Denies the allegations contained in paragraph 62.

63. Denies the allegations contained in paragraph 63.

64. Denies the allegations contained in paragraph 64.

65. Denies the allegations contained in paragraph 65.

66. Denies the allegations contained in paragraph 66.

67. Denies the allegations contained in paragraph 67.

68. Denies the allegations contained in paragraph 68.

69. Denies the allegations contained in paragraph 69.

70. With respect to the allegations contained in paragraph 70, repeats and realleges each and every admission and denial heretofore set forth with respect to the paragraphs realleged.

71. Denies the allegations contained in paragraph 71.

72. Denies the allegations contained in paragraph 72.

73. Denies the allegations contained in paragraph 73.

74. Denies the allegations contained in paragraph 74.

75. Denies the allegations contained in paragraph 75.

76. Denies the allegations contained in paragraph 76.

77. With respect to the allegations contained in paragraph 77, repeats and realleges each and every admission and denial heretofore set forth with respect to the paragraphs realleged.

78. Denies the allegations contained in paragraph 78.

79.. Denies the allegations contained in paragraph 79.

80. Denies the allegations contained in paragraph 80.

81. Denies the allegations contained in paragraph 81.

82. Denies the allegations contained in paragraph 82.

83. Denies the allegations contained in paragraph 83.

84. Denies the allegations contained in paragraph 84.

85. Denies the allegations contained in paragraph 85.

86. Denies the allegations contained in paragraph 86.

87. Denies the allegations contained in paragraph 87.

88. Denies the allegations contained in paragraph 88.

89. Denies the allegations contained in paragraph 89.

## AS AND FOR A FIRST AFFIRMATIVE DEFENSE

90. Plaintiff's claims are barred, in whole or in part, by the statute of frauds.

## AS AND FOR A SECOND AFFIRMATIVE DEFENSE

91. The Complaint fails to state a claim upon which relief may be granted.

## AS AND FOR A THIRD AFFIRMATIVE DEFENSE

92. Plaintiff is guilty of laches.

## AS AND FOR A FOURTH AFFIRMATIVE DEFENSE

93.  Plaintiff is estopped from asserting the claims in the Complaint by having accepted the benefits of the bargain and otherwise.

WHEREFORE, defendants MAJOR CHEVROLET, INC. respectfully requests judgment dismissing the complaint, together with the costs and disbursements of this action, plus reasonable attorneys' fees and disbursements.

MICHAEL J. DeZORETT, ESQ.
(MD-1685)
Attorney for Defendant
MAJOR CHEVROLET, INC.
75-24 Bell Boulevard
Bayside, NY 11364
718-217-3719

−8−